**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

VICTORIA BARNETT                                                                    PLAINTIFF

V.                                                                    NO. 4:22-CV-4-DMB-DAS

DKNRT, LLC                                                                    DEFENDANT

<u>**ORDER**</u>

On January 7, 2022, Victoria Barnett filed a complaint in the United States District Court for the Northern District of Mississippi against DKNRT, LLC, seeking damages for an alleged slip and fall incident on DKNRT's premises. Doc. #1. The allegations of diversity jurisdiction include that "Barnett is a resident of the State of Louisiana" and that DKNRT is "a limited liability corporation" who "is a resident of the State of Mississippi." *Id.* at 1.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity requires that "all persons on one side of the controversy … be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). "The citizenship of an LLC is determined by the citizenship of all of its members. So, to establish diversity jurisdiction, a party must specifically allege the citizenship of *every member* of every LLC." *Acadian Diagnostic Laboratories, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) (emphasis added) (cleaned up).

Here, the complaint fails to specifically identify the members of DKNRT, LLC and allege

their citizenship. Further, because citizenship and residence "are not synonymous terms," "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal quotation marks omitted). Thus, because the complaint does not allege the *citizenship* of either party, it fails to adequately allege diversity jurisdiction. Accordingly, within fourteen (14) days of the entry of this order, Barnett, as the party invoking this Court's jurisdiction, is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of diversity jurisdiction. If diversity jurisdiction can be sufficiently established, Barnett, within the same fourteen-day period, may file an amendment to the complaint in accordance with 28 U.S.C. § 1653 and Federal Rule of Civil Procedure 15(a) to properly allege diversity jurisdiction.

      **SO ORDERED**, this 12th day of January, 2022.

                                                                 **/s/Debra M. Brown**
                                                                 **UNITED STATES DISTRICT JUDGE**