UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| VICTORIA BARNETT,<br><br>        Plaintiff,<br><br>v.<br><br>DKNRT, LLC<br><br>        Defendant. | )<br>)  CAUSE NO.: 4:22-CV-4-DMB-DAS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

This First Amended Complaint of VICTORIA BARNETT ("Barnett"), filed pursuant to Fed. R. Civ. P. 15(a), and by Court Order (R. Doc. 3), with respect represents:

1. Made defendant herein is: DKNRT, LLC, doing business as OYO Hotel Grenada ("OYO Hotel Grenada"), a limited liability corporation operating a hotel with its principal address located at 1451 Sunset Drive, Grenada, MS, 38901. DKNRT, LLC, is a single-member LLC, whose sole member is Babubhai Maganbhai Patel, a citizen of the State of Mississippi.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Ms. Barnett is a citizen of the State of Louisiana, and defendant DKNRT, LLC, is a citizen of the State of Mississippi by virtue of the citizenship of its sole member, Babubhai Maganbhai Patel, who is a citizen of the State of Mississippi.

1

3. Venue is appropriate in the Northern District of Mississippi under 28 U.S.C. § 1391(b)(2), because it is the judicial district where a substantial part of the events or omissions giving rise to this claim occurred. Specifically, the incident giving rise to this lawsuit occurred in Grenada County, which is within the Northern District of Mississippi.

**FACTUAL ALLEGATIONS**

4. On June 6, 2020, Ms. Barnett, her friend, and her daughter were paying guests at the OYO Hotel Grenada West located at 1451 Subset Drive, in Grenada, Mississippi. On that date, Ms. Barnett used the shower to get ready for a funeral for a family member. The bathtub portion of the shower contained a rigid plastic liner insert, which are rarely used in U.S Hotels, but can be removed with specialized tools to allow for quicker cleaning of the tub insert.

5. The plastic tub insert was unreasonably slick, and consequently unreasonably dangerous. The plastic tub insert had no non-skid coating or non-slip skid tape adhered to its side exposed to water. The plastic tub insert also had no slip-resistant mat. When Ms. Barnett stepped into the tub, it was not immediately apparent to her that the tub was dangerous. However, as soon as Ms. Barnett began using the shower, the slick plastic tub liner caused her to fall backwards, striking her head on the plumbing.

6. Moments after the fall, Ms. Barnett's daughter and friend looked at the tub liner and both observed it was unreasonably dangerous. As a result, Ms. Barnett, her friend, and her daughter went to the front desk to notify OYO Hotel Grenada's staff that the plastic tub inserts were unreasonably dangerous and resulted in the fall and injury. The OYO Hotel Grenada staff refused to issue an incident report, and were aggressively hostile to Ms. Barnett, despite her visible injuries.

7.	OYO Hotel Grenada is an innkeeper with a duty to exercise such care in the maintenance of its bathrooms that guests such as Ms. Barnett can use them in the ordinary manner without danger. Further, the OYO Hotel Grenada has a duty of care to take reasonable steps to eliminate unreasonably dangerous conditions.

8.	The direct and proximate cause of Ms. Barnett's fall and subsequent injuries was the negligence of OYO Hotel Grenada, including but not limited to, the following:

A.	Installing a plastic tub liner that was substantially more slick than accepted hotel industry standards.

B.	Failure to take reasonable steps to eliminate the unreasonably dangerous condition presented by the tub liner, including installing a non-slip mat, adding anti-slip coating, non-skid adhesive strips, or any substance to prevent slipping.

C.	Failure to conduct reasonable inspections and perform maintenance on the shower and plastic tub liner.

D.	Failure to periodically monitor or inspect the plastic tub liner to ensure that unreasonably dangerous conditions do not develop.

E.	Failure to furnish handholds for guest protection pursuant to the ADA.

F.	Failure to train and employ hotel cleaning staff to avoid unreasonably dangerous conditions.

G.	Failure to exercise reasonable care for guests at the hotel.

H.	Other acts of negligence which will be shown more fully at trial.

9.	As direct and proximate cause of the negligence of OYO Hotel Grenada, Ms. Barnett sustained injuries which required and continue to require medical treatment including but

not limited to a total knee replacement surgery, blunt trauma head injuries, arm contusions, and back and neck injuries requiring diagnostic imaging, and medical treatment.

10.     As a result of the above-described incident, Ms. Barnett suffered severe injuries to their body.  She also suffered physical pain and suffering in the past, present and future and has suffered mental anguish in the past, present and future, loss of enjoyment of life, lost wages, and incurred medical expenses and reasonably anticipates future medical expenses. Ms. Barnett's medical expenses exceed $50,000.00. By all reasonable quantum comparisons, Ms. Barnett's amount in controversy exceeds $75,000.00.

11.     Ms. Barnett prays for a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that the defendant DKNRT, LLC be duly cited and served with a copy of this Citation and Summons, and that after due proceedings had there be judgment herein in favor of the plaintiff, VICTORIA BARNETT, and against defendant for an amount sufficient to compensate her for her damages, together with legal interest from the date of judicial demand until paid, for all costs of these proceedings and for all general and equitable relief.

**RESPECTFULLY SUBMITTED**

BY:    */s/ Daniel A. Meyer*
      Daniel Meyer
      Attorney for Plaintiff

Prepared by:
DANIEL A. MEYER
MSB No. 104139
Attorney at Law
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Phone: 504-525-1335
Fax: 504-561-6775
Email: dmeyer@brunobrunolaw.com